IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LISA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| THE LOMBARDO, DAVIS & ) | |
| GOLDMAN FIRM, LLC ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT

NOW COMES the Plaintiff, LISA JOHNSON, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, THE LOMBARDO, DAVIS & GOLDMAN FIRM, LLC, Plaintiff states as follows:

#### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

#### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

#### III.  PARTIES

4. LISA JOHNSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Sterling Heights, County of Macomb, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to JD Marketing Group (hereafter "JD").

1

6. The debt that Plaintiff allegedly owed JD was for a payday loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. THE LOMBARDO, DAVIS & GOLDMAN FIRM, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan.. Defendant is registered as a limited liability company in the State of Delaware.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. On or about October 25, 2010, Defendant initiated a telephone call to Plaintiff and left Plaintiff an automated voicemail message.

15. The aforementioned voicemail message was Defendant's initial contact with Plaintiff.

16. During the course of the aforementioned voicemail message, Defendant's duly authorized representative stated "This is the Goldman Firm contacting you in regards to docket number 37879."

17. At no time during the course of the aforementioned voicemail message to Plaintiff did Defendant provide information relative to the individual caller's identity.

18. During the course of the aforementioned voicemail message, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

19. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that a lawsuit had been filed against Plaintiff and, as such, that a docket number had been assigned to Plaintiff's case.

20. Defendant's representation, as aforesaid, was false, deceptive and/or misleading given that, upon information and belief, no lawsuit had been filed against Plaintiff in relation to the debt on which Defendant was attempting to collect.

21. On or about October 26, 2010, Mr. Joseph Vegas, Defendant's duly authorized representative sent a correspondence to Plaintiff, via e-mail, stating that Defendant was representing JD.

22. Defendant's correspondence failed to state that Defendant was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

23. On that same day, subsequent to receiving the aforementioned correspondence, Plaintiff sent a written correspondence to Defendant.

24. In the written correspondence, Plaintiff requested that Defendant provide her with documentation verifying the debt on which it was attempting to collect.

25. Plaintiff further requested that Defendant no longer contact Plaintiff via telephone and that Defendant rather communicate with Plaintiff solely via e-mail.

26. Defendant received the aforementioned correspondence.

27. On that same day, subsequent to Defendant having received the aforementioned correspondence, Mr. Vegas sent an additional correspondence to Plaintiff.

28. Defendant's correspondence, again, failed to state that Defendant was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

29. On October 26, 2010, Defendant sent Plaintiff a correspondence.

30. Defendant enclosed in the aforementioned correspondence documentation alleging to validate the debt on which it was attempting to collect.

31. The aforesaid enclosed failed to validate the debt on which Defendant was attempting to collect.

32. The aforesaid enclosure, rather, stated that Plaintiff owed a debt to JD in the amount of $510.00 and that Plaintiff owed fees in the amount of $150.00.

33. Upon information and belief, Defendant had no legal authority and/or power to attempt to collect fees from Plaintiff in the amount of $150.00.

34. By representing that Plaintiff owed fees in the amount of $150.00, Defendant attempted to collect a debt from Plaintiff in excess of the amount that Plaintiff allegedly owed JD.

35. By representing that Plaintiff owed fees in the amount of $150.00, Defendant misrepresented the character and/or nature of the debt on which it was attempting to collect.

36. On or about October 27, 2010, after Plaintiff received the aforementioned correspondence, Plaintiff sent another written request to Defendant.

37. In the aforesaid correspondence, Plaintiff, again, requested that Defendant provide her with documentation to prove that she owed the debt on which it was attempting to collect.

38. On or about October 27, 2010, Defendant sent another correspondence to Plaintiff that, again, failed to state that Defendant was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

39. On or about October 27, 2010, despite Defendant having received a written request from Plaintiff that she only be contacted by e-mail, Defendant initiated a telephone call to Plaintiff and left an automated voicemail message for Plaintiff.

40. The contents of the aforesaid voicemail message were identical to the voicemail message left by Defendant for Plaintiff on October 25, 2010.

41. On or about October 29, 2010, Plaintiff's counsel sent a correspondence to Defendant notifying Defendant that it represented Plaintiff with respect to the debt on which Defendant was attempting to collect.

42. Upon information and belief, Defendant received the aforementioned correspondence.

43. On or about November 12, 2010, despite Plaintiff's counsel having informed Defendant that it represented Plaintiff and despite Defendant having received a written request from Plaintiff that it no longer initiate telephone calls to her, Defendant initiated a telephone call to Plaintiff and left an automated voicemail message for Plaintiff.

44. The contents of the aforesaid voicemail message were, again, identical to the voicemail message left by Defendant for Plaintiff on October 25, 2010.

45. At no time has Plaintiff's counsel failed to respond to a communication from Defendant.

46. Plaintiff's counsel did not consent to Defendant having direct communication with Plaintiff.

47. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

48. In its attempts to collect the debt allegedly owed by Plaintiff to JD, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

  a. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

  b. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

  c. Continued to communicate with the consumer in an effort to collect on the alleged debt despite the fact that the consumer notified the debt collector in writing that the consumer refused to pay the debt or that the consumer wished that the debt collector to cease further communication with the consumer in violation of 15 U.S.C. §1692c(c);

  d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    e.  Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    f.  Falsely represented that services had been rendered or compensation was due and that such services and compensation may be lawfully received by a debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B);

    g.  Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    h.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    i.  Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    j.  Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    k.  Attempted the collection of funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1);

    l.  Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    m.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

49.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.    JURY DEMAND

50.    Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LISA JOHNSON, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

7

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**LISA JOHNSON**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: December 3, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:  (888) 418-1277
E-Mail:  dmarco@smithlaw.us