UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA JOHNSON,

    Plaintiff,

v.                          Case No. 10-14818

THE LOMBARDO, DAVIS & GOLDMAN FIRM,
LLC,

    Defendant.
                                          /

**ORDER DENYING APPLICATION FOR RELIEF PURSUANT TO LOCAL RULE
83.20(f) AND SETTING DEADLINE FOR PLAINTIFF TO OBTAIN LOCAL COUNSEL**

Plaintiff filed a complaint in the above-captioned matter on December 3, 2010. On January 19, 2011, Plaintiff applied to the court for a waiver of the local counsel requirement set forth by Eastern District of Michigan Local Rule 83.20(f). The rule provides:

> Local Counsel. Any member of the bar of this court who is not an active member of the State Bar of Michigan must not appear as attorney of record in any case without specifying on the record, as local counsel, a member of the bar of this court having an office within the district upon whom service of all papers may be made. Such local counsel must enter an appearance in the case and must have both the authority and responsibility for the conduct of the case should out-of-town counsel not respond to any order of the court for appearance or otherwise. On application, the court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel.

In her application, Plaintiff advises that her Chicago-based attorneys were admitted to practice in this district on May 11, 2010. (Appl. ¶ 1.) Plaintiff asserts that after the Clerk of the Court informed Plaintiff the local counsel requirement had not been met, "Plaintiff's counsel immediately started to conduct a search for an attorney licensed in

the State of Michigan, with an office in this district" to work as local counsel. (*Id.* ¶ 3.) "To date, Plaintiff's counsel has been unable to obtain such local counsel." (*Id.*) Finally, Plaintiff contends Defendant will not be prejudiced. (*Id.* ¶ 4.)

The local counsel requirement of Rule 83.20(f) is not designed solely to avoid prejudicing an opposing party. It also serves other purposes, including to ensure efficiency in scheduling hearings and conferences, and in communicating with the court and opposing counsel. Plaintiff has not set forth in its application the extenuating circumstances that are typically present where the requirement is waived, and the court seriously doubts that Plaintiff would be unable to secure local counsel after a diligent search. Accordingly,

IT IS ORDERED that "Plaintiff's Application for Relief Pursuant to L.R. 83.20(f)" [Dkt. # 4] is DENIED.

IT IS FURTHER ORDERED that Plaintiff is DIRECTED to obtain local counsel by **March 2, 2011**.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: February 9, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 9, 2011, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522